# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Michael J. Radmer, Jr.,

       Plaintiff,

                                      **ORDER**

v.                                            Civil No. 15-3177 ADM/BRT

OS Salesco, Inc.,

       Defendant.

___

Phillip Gainsley, Esq., Minneapolis, MN, on behalf of Plaintiff.

Ellen A. Brinkman, Esq., Briggs & Morgan, PA, Minneapolis, MN, on behalf of Defendant.

___

      Michael J. Radmer, Jr. ("Radmer") sued his former employer, alleging that he was sexually harassed and assaulted by his co-worker, direct supervisor, and former girlfriend. Radmer's suit was dismissed at summary judgment, and OS Salesco, Inc. ("Omaha Steaks") claimed $5,877.37 in taxable costs as the prevailing party under Federal Rule of Civil Procedure 54(d)(1). See Bill of Costs [Docket No. 33]. Radmer Objected [Docket No. 34], and the Clerk of Court entered judgment for $4,788.75, subtracting $1,088.62 in nontaxable clerk and copy fees. See Cost J. [Docket No. 38].

      Radmer has filed a Motion for Review of Taxation of Costs [Docket No. 39]. Radmer argues that he should not be taxed for costs because of the disparity between his financial status and that of Omaha Steaks, a multi-national corporation with annual sales that exceed $400 million.

      Federal Rule of Civil Procedure 54(d)(1) provides in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Although the district court has discretion in

awarding costs, "the Rules presume that the prevailing party is entitled to costs."  Lochridge v. Lindsey Mgmt. Co., 824 F.3d 780, 783 (8th Cir. 2016) (quoting Reger v. Nemours Found., Inc., 599 F.3d 285, 289 (3d Cir. 2010)).

Radmer cannot overcome the presumption of awarding costs in favor of Omaha Steaks.  While Radmer's current personal financial situation may be dire, Radmer's claim of indigence is undercut by the financial assistance he receives from his parents, who "pay most of [his] expenses," including the "significant costs of this litigation."  Radmer Decl. [Docket No. 40] ¶ 6.  The financial imbalance of Radmer and Omaha Steaks also does not displace the presumption of awarding costs to Omaha Steaks.  See In re Derailment Cases, 417 F.3d 840, 845 (8th Cir. 2005) (citing cases where costs were awarded to "federal law enforcement agents and against indigent prisoners" and to a "major corporation and against individual plaintiff of 'limited financial resources.'").

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Michael J. Radmer, Jr.s' Motion for Review of Taxation of Costs [Docket No. 39] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 27, 2017.